No. 24-2638

# In the United States Court of Appeals
# For the Third Circuit

ALI RAZAK, KENAN SABANI, and KHALDOUN CHERDOUD,
Plaintiffs-Appellants,

v.

UBER TECHNOLOGIES, INC. and GENGEN, LLC,
Defendants-Appellees.

*On Appeal from the United States District Court
for the Eastern District of Pennsylvania*
(Case No. 2:16-cv-00573; Hon. Michael M. Baylson)

**BRIEF OF *AMICI CURIAE* NATIONAL EMPLOYMENT LAW PROJECT, NATIONAL EMPLOYMENT LAWYERS ASSOCIATION – EASTERN PENNSYLVANIA, AND WESTERN PENNSYLVANIA EMPLOYMENT LAWYERS ASSOCIATION**

Dated:  January 13, 2025

By:  Peter Winebrake
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA  19025
(215) 884-2491
pwinebrake@winebrakelaw.com

# CORPORATE DISCLOSURE STATEMENT

*Amici curiae* National Employment Law Project ("NELP"), National Employment Lawyers Association – Eastern Pennsylvania ("NELA-EPA"), and Western Pennsylvania Employment Lawyers Association ("WPELA") represent the following per Rules of Appellate Procedure 26.1 and 29(a)(4)(A):

NELP is a nonprofit, nonstock corporation. NELP has no parent corporation, and, because it issues no stock, no publicly held corporation owns 10% or more of its stock.

NELA-EPA is a nonprofit, nonstock corporation, and, because it issues no stock, no publicly held corporation owns 10% or more of its stock.

WPELA is a nonprofit, nonstock corporation, and, because it issues no stock, no publicly held corporation owns 10% or more of its stock.

## **TABLE OF CONTENTS**

Page

CORPORATE DISCLOSURE STATEMENT……………………………………i

TABLE OF AUTHORITIES……...……………................iii

IDENTITY AND INTERESTS OF AMICI CURIAE……………………..1

RULE 29(a)(4)(E) STATEMENT……………………………………….3

ARGUMENT…………………………………………………………………….3

CONCLUSION………………………………………………………….....8

CERTIFICATE OF BAR MEMBERSHIP, WORD COUNT,
IDENTICAL COMPLIANCE OF BRIEFS, AND VIRUS CHECK………………9

CERTIFICATE OF SERVICE……………………………………………10

# **TABLE OF AUTHORITIES**

**Page**

**Cases:**

*Bayada Nurses Inc. v. Dept. of Labor & Industry*
    8 A.3d 866 (Pa. 2010) ……………………………………….…… 5-6

*Chevalier v. General Nutrition Centers Inc.*
    220 A.3d 1038 (Pa. 2019) ……………………………...….......………. 5

*Craig v. FedEx Ground Package Systems, Inc.*
    686 F.3d 423 (7th Cir. 2012) ……………………………….……. 7

*Dynamex Operations West, Inc. v. Superior Court*
    416 P.3d 1 (Cal. 2018) ……………………………………………… 5

*Hargrove v. Sleepy's LLC*
    974 F.3d 467 (3d Cir. 2020) ……………………………………...……. 1

*Hargrove v. Sleepy's LLC*
    106 A.3d 449 (N.J. 2015) ……………………………………………... 5

*Heimbach v. Amazon.com, Inc.*
    942 F.3d 297 (6th Cir. 2019)…………………………………………… 6

*Heimbach v. Amazon.com, Inc.*
    255 A.3d 191 (Pa. 2021) ……………………………………………. 5, 6

*Lowman v. Unemployment Compensation Board of Review*
    235 A.3d 278 (Pa. 2020) …………………………………….………… 4-5

*Williams v. Jani-King of Phila., Inc.*
    837 F.3d 314, 320 (3d Cir. 2016)…………………………………….. 5

**Statutes:**

43 P.S. §§ 260.1, *et seq*..……………………………………………….. 4

43 P.S. §§ 333.101, *et seq…*……………………………………………………. 3

**Other Authorities:**

COMMONWEALTH OF PA. DEP'T OF LAB. & INDUS., FINAL REPORT OF THE
JOINT TASK FORCE ON MISCLASSIFICATION OF EMPLOYEES, at 12 (2022)……. 7

*Hearing Before the Subcommittee on Workforce Protections of the House
Committee on Education and the Workforce*, 118th Cong. (2023)..………... 2

Sarah Leberstein and Catherine Ruckelshaus, *Independent Contractor vs.
Employee: Why Independent Contractor Misclassification Matters and
What We Can Do to Stop It*, at 2 (NELP May 2016)…………………………… 2

## IDENTITY AND INTEREST OF AMICI CURIAE

*Amici curiae* National Employment Law Project ("NELP"), National Employment Lawyers Association – Eastern Pennsylvania ("NELA-EPA"), and Western Pennsylvania Employment Lawyers Association ("WPELA") represent the following per Rule of Appellate Procedure 29(a)(4)(D):

NELP is a non-profit legal organization with over 55 years of experience advocating for the employment and labor rights of low-wage and unemployed workers.[1] NELP collaborates closely with community-based worker centers, unions, and state policy groups and has litigated directly and participated as *amicus* in numerous cases addressing the rights of purported "independent contractors" under the Fair Labor Standards Act, the National Labor Relations Act, and various state laws. *See, e.g.*, *Hargrove v. Sleepy's LLC*, 974 F.3d 467, 471 n.3 (3d Cir. 2020) (referencing NELP brief in independent contractor misclassification action arising under New Jersey wage law). This case is important to NELP and its constituents because a narrow application of wage and hour law has the potential to adversely affect many low-income and mid-income workers who are allegedly deprived of statutory protections due to their employers' treatment of them as non-employee contractors. For example, in April 2023, Laura Padin, NELP's Director of Work Structures, provided Congressional testimony regarding,

---

[1] *See generally* https://www.nelp.org/ (last visited 1/11/25).

1

*inter alia*, the manner and extent to which independent contractor misclassification harms workers, taxpayers, and competitor businesses.[2] Ms. Padin's testimony summarizes the serious consequences of independent contractor misclassification and references substantial data and analysis, including, inter alia, (i) a 2010 study estimating "that misclassifying employers shift $831.4 million in unemployment insurance taxes and $2.54 billion in workers' compensation premiums to law abiding businesses annually" and (ii) a U.S. General Accountability Office study estimating "that independent contractor misclassification cost federal revenues $2.72 billion in 2006."[3]

NELA-EPA is the Eastern Pennsylvania affiliate of the National Employment Lawyers Association.[4] Approximately 90 Pennsylvania employment rights attorneys currently are members of NELA-EPA. These attorneys generally represent workers in a wide array of employment rights litigation, including wage and hour litigation in which workers allegedly have been misclassified as non-

---

[2] *See* Hearing Before the Subcommittee on Workforce Protections of the House Committee on Education and the Workforce, 118th Congress (2023), available at https://edworkforce.house.gov/uploadedfiles/padin_testimony.pdf, at p. 7 (last visited 1/11/25).

[3] *Id.*; *see also* Sarah Leberstein and Catherine Ruckelshaus, *Independent Contractor vs. Employee: Why Independent Contractor Misclassification Matters and What We Can Do to Stop It*, at 2 (NELP May 2016), available at https://www.nelp.org/wp-content/uploads/Policy-Brief-Independent-Contractor-vs-Employee.pdf (last visited 1/11/25).

[4] *See generally* https://exchange.nela.org/nela-epa/home (last visited 1/11/25).

employee contractors.

WPELA is the Western Pennsylvania affiliate of the National Employment Lawyers Association.[5] Approximately 50 Pennsylvania employment rights attorneys currently are members of WPELA-EPA. These attorneys generally represent workers in a wide array of employment rights litigation, including wage and hour litigation in which workers allegedly have been misclassified as non-employee contractors.

## RULE 29(a)(4)(E) STATEMENT

*Amici curiae* represent, per Rule of Appellate Procedure 29(a)(4)(E), that: (i) no party's counsel has authored any part of this brief; (ii) no party or party's counsel has contributed money intended to fund the preparation or submission of this brief; and (iii) no person or entity other than *amici curiae* has contributed money intended to fund the preparation or submission of this brief. Moreover, the undersigned's work on this brief has been performed entirely on a *pro bono* basis.

## ARGUMENT

*Amici curiae* write for the limited purpose of supporting Appellants' request that this Court certify to the Pennsylvania Supreme Court the question of which test(s) should be applied to determine a plaintiff's employment status under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, and the

---

[5] *See generally* https://exchange.nela.org/wpela/home (last visited 1/11/25).

3

Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1, *et seq.* A decade ago, in the *Hargrove v. Sleepy's LLC* litigation, this Court provided a great public service to New Jersey businesses, workers, judges, arbitrators, and lawyers by certifying to the New Jersey Supreme Court a similar question under New Jersey wage law.

Unfortunately, here in Pennsylvania, determining whether the state's wage and hour laws apply to purported "independent contractors" has become a frustrating ordeal in which the parties' lawyers cannot agree over the applicable test. Because the judge or arbitrator usually does not "choose" the applicable test until well *after* the close of discovery, the parties spend most of the litigation proceedings "in the dark" regarding the basic legal standard that will dictate the case outcome.

Nobody benefits from the current state of affairs. In this regard, look no further than the instant litigation. The parties were represented by skilled lawyers, and the proceedings were overseen by an experienced judge. Yet, after *years* of litigation, the parties went to trial – twice! – without ever reaching consensus regarding the threshold test to be applied in determining whether plaintiffs are employees under Pennsylvania wage law.

The time has come to bring an end to all this uncertainty. Recently, in *Lowman v. Unemployment Compensation Board of Review*, 235 A.3d 278 (Pa.

4

2020), the Pennsylvania Supreme Court established the test applicable to determining employment status under the Pennsylvania Unemployment Law. Now, the Supreme Court should be asked to make the same determination under the PMWA and PWPCL. Nothing short of a Supreme Court opinion will eliminate the uncertainty.

What course the Supreme Court might chart under the PMWA and/or PWPCL is unclear. Perhaps it will adopt the *Lowman* test. After all, as this Court has observed, "[i]n interpreting the meaning of employee under the [P]WPCL, Pennsylvania courts have looked to similar statutes such as the Pennsylvania Unemployment Compensation Act and the Pennsylvania Workers' Compensation Act." *Williams v. Jani-King of Phila., Inc.*, 837 F.3d 314, 320 (3d Cir. 2016). Or the Supreme Court might endorse an "ABC" test like the one adopted in California and New Jersey. *See Dynamex Operations West, Inc. v. Superior Court of Los Angeles County*, 416 P.3d 1 (Cal. 2018); *Hargrove v. Sleepy's, LLC*, 106 A.3d 449 (N.J. 2015). Or it might endorse an "economic reality" test akin to the federal Fair Labor Standards Act ("FLSA") analysis. However, that seems unlikely in the wake of three consecutive opinions in which the Court *refused* to apply FLSA principles to PMWA claims. *See Heimbach v. Amazon.com, Inc.*, 255 A.3d 191, 200-01 (Pa. 2021); *Chevalier v. General Nutrition Centers Inc.*, 220 A.3d 1038, 1055-56 (Pa. 2019); *Bayada Nurses Inc. v. Dept. of Labor & Industry*, 8 A.3d 866,

882-83 (Pa. 2010).[6]

Nobody knows which test the Pennsylvania Supreme Court ultimately will endorse. But we all can rest assured that the issue will be thoroughly vetted at the Court. The underlying parties are represented by skilled lawyers from excellent law firms, and the Pennsylvania Attorney General already has filed an *amicus* brief urging certification of the question. Moreover, additional *amici* surely will weigh-in with competing viewpoints. In *Hargrove*, for example, briefs were filed by the following advocates: the New Jersey Department of Labor and Workforce Development; Legal Services of New Jersey; the International Brotherhood of Teamsters; NELA of New Jersey; NELP; the New Jersey Industrial Union Council; The National Federation of Independent Business Small Business Legal Center; and the Academy of New Jersey Management Attorneys.[7]

Certification of the question also will ensure that selection of the test for employment status under the PMWA and PWPCL remains the focal point of any

---

[6] Notably, *Heimbach*, *supra*, was decided in response to a certified question from the Sixth Circuit Court of Appeals. *See Heimbach*, 255 A.3d at 192; *see also Heimbach v. Amazon.com, Inc.*, 942 F.3d 297 (6th Cir. 2019) (granting motion to certify question).

[7] Likewise, after the Sixth Circuit certified the question in *Heimbach*, *supra*, three separate *amicus* briefs were filed at the Supreme Court. *See Heimbach*, 255 A.3d at 191. The *amici* included: the Pennsylvania Attorney General; the National Retail Federation; the Pennsylvania Retailers Association; the AFL-CIO; the Service Employees International Union; the United Food and Commercial Workers International Union; Community Legal Services of Philadelphia; NELP; WPELA; NELA-EPA; Justice at Work; and Towards Justice. *See id.*
6

appellate proceeding. That's entirely appropriate because the classification of workers as independent contractors is an issue "of great importance not just to this case but to the structure of the American workplace." *Craig v. FedEx Ground Package Systems, Inc.*, 686 F.3d 423, 430 (7th Cir. 2012). As recognized by the Pennsylvania Department of Labor & Industry, independent contractor misclassification "creates an uneven playing field for employers who properly classify their workers" and "causes harm to the worker by withholding rights that belong to legitimate employees."[8]

    Unfortunately, the instant appeal – which covers a wide range of disparate legal and factual issues – does not enable the parties to focus entirely on the proper test for determining employment status under the PMWA and PWPCL. Faced with strict page limits and many distinct issues to address, plaintiffs' counsel spend only two pages of their opening brief presenting the substantive argument that employment status under the PMWA and PWPCL should be dictated by an "ABC test." *See* Plaintiff's Opening Brief at pp. 19-21. This important argument – which

---

[8] *See* https://www.dli.pa.gov/getclassified/Pages/default.aspx (last visited 1/11/25); *see also* COMMONWEALTH OF PA. DEP'T OF LAB. & INDUS., FINAL REPORT OF THE JOINT TASK FORCE ON MISCLASSIFICATION OF EMPLOYEES, at 12 (2022), *available at* https://www.dli.pa.gov/Individuals/Labor-Management-Relations/llc/Documents/Act-85-Final-Report.pdf (last visited 1/11/25) (approximately 259,000 Pennsylvania workers were misclassified as independent contractors in 2021 and such misclassification may have resulted in up to $124.5 million in lost tax revenue).

carried the day in *Hargrove* – deserves a more robust analysis of the pertinent legislative history, public policy, and decisional law. Certification of the question will "free-up" counsel for the parties and various *amici* to squarely and extensively focus on the proper test to be utilized in determining employment status under the PMWA and PWPCL.

## CONCLUSION

For the above reasons (in addition to the reasons described in plaintiffs' opening brief), *amici curiae* urge this Court to certify to the Pennsylvania Supreme Court the question of which test(s) should be applied to determine a plaintiff's employment status under the PMWA and PWPCL.

Dated: January 13, 2025                                        Respectfully,

                                                               /s/ Peter Winebrake
                                                               _____
                                                               Peter Winebrake
                                                               Winebrake & Santillo, LLC
                                                               715 Twining Road, Suite 211
                                                               Dresher, PA 19025
                                                               215-884-2491
                                                               pwinebrake@winebrakelaw.com

                                                               *For All Amici Curiae*

8

## CERTIFICATE OF BAR MEMBERSHIP, WORD COUNT, IDENTICAL COMPLIANCE OF BRIEFS, AND VIRUS CHECK

1. I certify that I am a member of the bar of this Court.

2. I certify that the foregoing brief was prepared in a proportionally-spaced, 14-point type and contains 1,652 words, excluding the cover page, corporate disclosure statement, table of contents, table of authorities, this certificate of compliance, and the certificate of service.

3. I certify that the text in the electronic version is identical to the paper copies.

4. I certify that a virus scan has been run on the electronic file and that no virus was detected.

Dated: January 13, 2025

_____
Peter Winebrake

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this date, this brief was served on counsel of record for all parties through the Court's ECF system.

Dated: January 14, 2025

_____
Peter Winebrake